United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 28, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-40286
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FRANCES JUANITA MERAZ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:04-CR-1454-2
--------------------

Before REAVLEY, JOLLY and OWEN, Circuit Judges

PER CURIAM:[*]

Frances Juanita Meraz appeals the district court's sentence following her conviction of transporting illegal aliens for private financial gain in violation of 8 U.S.C § 1324. Meraz contends that the enhancement of her sentence for "reckless endangerment" pursuant to U.S.S.G. § 2L1.1(b)(5) was unreasonable in light of United States v. Booker, 543 U.S. 220 (2005), because she was not charged with reckless endangerment, she did not admit reckless endangerment, and the facts supporting the enhancement

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

were not proved to the jury. She further asserts that the district court's failure to make factual findings and the lack of any clear record supporting the enhancement renders the sentence unreasonable and requires remand for resentencing. Similarly, she contends that remand is required because the district court failed to make required factual findings regarding its denial of her request for a minor role adjustment.

Meraz's arguments are without merit. As Meraz was sentenced after the decision in Booker, there was no requirement that any sentencing facts be charged, admitted, or proved to a jury; the district court was free to make factual findings in the same manner as before Booker. See United States v. Mares, 402 F.3d 511, 519 (5th Cir.), cert. denied, 126 S. Ct. 43 (2005).

Further, as the Government correctly points out, the district court expressly adopted the findings of the Presentence Report in its Statement of Reasons. Adoption of the PSR is appropriate. See United States v. Peters, 283 F.3d 300, 314 (5th Cir. 2002); United States v. Carreon, 11 F.3d 1225, 1231 (5th Cir. 1994). Meraz makes no argument to the contrary, other than a conclusory assertion that the district court did not make required factual findings.

For the foregoing reasons, the judgment of the district court is AFFIRMED.